Gary R. Selvin, State Bar No. 112030
E-mail: gselvin@selvinwraith.com
Robin D. Korte, State Bar No. 182553
E-mail: rkorte@selvinwraith.com
SELVIN WRAITH HALMAN LLP
505 14th Street, Suite 1200
Oakland, CA 94612
Telephone: (510) 874-1811
Facsimile: (510) 465-8976

David C. Larsen, State Bar No. 292607
E-mail: dlarsen@mayerllp.com
MAYER LLP
9400 Holly Avenue NE
Building 3B
Albuquerque, NM 87122
Telephone: (505) 595-1414
Facsimile: (505) 595-1415

Attorneys for Plaintiff
J.B. HUNT TRANSPORT, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.B. HUNT TRANSPORT, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED SPECIALTY INSURANCE COMPANY and AFT TRANSPORT, INC. DBA GOLDEN STATE TRUCKING, <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT FOR:** <br><br> **1) DECLARATORY RELIEF** <br> **2) BREACH OF CONTRACT** <br> **3) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING** <br> **4) CONTRACTUAL INDEMNITY** |

Plaintiff J.B. HUNT TRANSPORT, INC., for its complaint for declaratory relief, breach of contract, breach of the covenant of good faith and fair dealing and for contractual indemnity against defendants UNITED SPECIALTY INSURANCE COMPANY and AFT TRANSPORT, INC. DBA GOLDEN STATE TRUCKING,

1
**COMPLAINT FOR DECL. RELIEF, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING CONTRACTUAL INDEMNITY      CASE NO.**

states:

## I. PARTIES

1. J.B. HUNT TRANSPORT, INC. ("JBHT") is, and at all relevant times was, a corporation duly organized and existing under the laws of the State of Georgia, with its principal place of business in Arkansas.

2. UNITED SPECIALTY INSURANCE COMPANY ("USIC") is, and at all relevant times was, a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in Bedford, Texas, and was at all relevant times an insurer authorized to issue policies in the State of California.

3. AFT TRANSPORT INC. DBA GOLDEN STATE TRUCKING ("AFT") is a dissolved California corporation with its principal place of business at 5894 Seminole Way, Fontana, CA 92336.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332, as the amount in controversy is in excess of $1 million, exclusive of interest and costs, an amount well in excess of the $75,000 jurisdictional minimum, and the parties are citizens of different states, and an actual justiciable controversy exists between plaintiff and defendants within the meaning of 28 U.S.C. §2201 regarding the scope and extent of insurance coverage provided to Plaintiff by USIC.

5. Venue is proper as AFT is located within this district and its contractual obligations arose from this district.

## III. UNDERLYING FACTS

6. This action arises out of a motor vehicle accident which occurred on or about March 24, 2019 and spawned the underlying lawsuit ("Underlying Action") for wrongful death and personal injuries. At the time, Defendant AFT's driver, Sean White, was operating a tractor-trailer headed eastbound on I-10, west of Lordsburg, NM. At the same time, Susana Rojo, Arnoldo Rojo, and D.R., a minor, were headed westbound on I-10 in a Dodge Pickup Truck ("Rojo vehicle") pulling a trailer. Bengal

Building Corp.'s driver, Jose Apodaca, was also headed westbound on I-10 driving a tractor-trailer ("Bengal vehicle") and was in close proximity to the Rojo vehicle. Allegedly, Sean White left his lane of travel and crossed the center median, colliding head-on with the Bengal vehicle, resulting in the death of Jose Apodaca, who is survived by his wife, Juana Apodaca, and his parents, Gustavo Apodaca and Evangelina Apodaca. Also as a result of that collision, the Rojo vehicle was struck, and Susana Rojo and Arnoldo Rojo suffered injuries that resulted in their deaths. Additionally, D.R. suffered injuries in that collision. Susana Rojo and Arnoldo Rojo are survived by their daughter D.R. and their sons, Eduardo Rojo and Alexis Rojo.

## IV.   JBHT CONTRACT WITH AFT

7.   JBHT and AFT entered into a contract, known as The Outsource Carriage Agreement ("OCA") in which AFT contracted to supply its motor carrier services to JBHT in JBHT's capacity as a broker. A true and correct copy of the OCA is attached hereto as Exhibit A.

8.   The OCA required that AFT defend, indemnify, and hold harmless JBHT for all claims on account of bodily injury/death, property damage, violation of law, or any other claim arising out of or in connection with the transportation of property under the OCA by AFT or its agents, employees, or contractors. The OCA also required AFT to procure and maintain automobile liability insurance for bodily injury/death or property damage in an amount not less than $1,000,000.

## V.   USIC POLICY

9.   USIC issued an insurance policy to AFT (policy number GMP41783 00, effective December 15, 2018 – December 15, 2019) with policy limits of $1 million for liability claims. A true and correct copy of the USIC policy is attached hereto as Exhibit B. The policy provides:

**SECTION II - COVERED AUTOS LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of

"bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

\*\*\*

We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

The Motor Carrier Coverage Form's "Who Is An Insured" provision includes the following:

    **c.** The owner or anyone else from whom you hire or borrow a covered "auto" that is a trailer while the trailer is connected to another covered "auto" that is a power unit

    . . .

    **e.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

10.  The USIC policy further states the Motor Carrier Coverage Form affords coverage for liability assumed by the insured under any contract or agreement, for liability.

    **a.** Assumed in a contract or agreement that is an "insured contract" . . ."

"Insured Contract" is defined as including:

    5. That part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization.  Tort liability means a liability that would be imposed by law in the absence of any contract or agreement; . . .

## VI.  TENDER TO AFT AND USIC

    11.    JBHT tendered its defense under the policy and OCA.  After multiple repeated attempts to obtain a response from AFT and USIC, USIC finally responded over one year after JBHT's initial tender of defense and request for indemnity.  It denied any duty to defend or indemnify on grounds that were patently wrong, as addressed below.

## VII.  UNREASONABLE DENIAL OF TENDER AND COVERAGE

    12.    USIC took a full year to respond to the tender of defense.  It did not investigate the claims or timely respond as required by the California Fair Claims Settlement Practices provisions or California law.  When it finally did respond, it unreasonably denied the tender based on coverage issues which were, on their face, factually and legally without any merit.  For example, USIC asserted:

- JBHT is not an insured.  But, the USIC definition is a classic "omnibus clause," which expressly extends coverage under the policy to any person using or responsible for the use of the insured vehicle, as noted above.  Based on the Underlying Action and allegations therein, therefore, there is a potential for coverage;
- AFT assumed the tort liability of JBHT to pay for "bodily injury" or "property damage," but claims JBHT is not an insured.  USIC knowingly overlooks that it owes a duty to defend and indemnify JBHT pursuant to the OCA;
- USIC cites the "Broker Liability Exclusion," but, it does not apply because the

5
**COMPLAINT FOR DECL. RELIEF, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING CONTRACTUAL INDEMNITY**    **CASE NO.**

liability does not arise out of AFT's operations or activities as a "Freight Broker."

- USIC cites the Exclusion "Bodily Injury" or "Property Damage" that was not caused by the "Named Insured" or resulting from the ownership, maintenance or use of a covered "Auto" by the "Named Insured."; but, the Underlying Action alleges that this accident was caused by the named insured's driver.

- USIC cites the provision for "Bodily Injury" or "Property Damage" caused by any other person or entity doing business with the "Named Insured" unless such person or entity is disclosed to us in writing and scheduled on the "Named Insured's" policy.  However, the Underlying Action alleges the bodily injury was not caused by JBHT, but, by AFT's driver.  Moreover, by definition, JBHT is an insured, and, to the extent this provision might even arguably apply, it is in the exclusions and is inconspicuous and unenforceable.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT AGAINST USIC**

13. Plaintiff incorporates the allegations in paragraphs 1 through 12 as though fully set forth herein.

14. Plaintiff timely provided notice by tendering its defense to USIC and performed all obligations required by the insurance policy.  Despite the plain language of the USIC Policy, USIC refused to discharge its duty and breached the Policy by failing to defend or indemnify Plaintiff for Underlying Action under the Policy.

15. As a direct and proximate result of USIC's conduct and breaches of its contractual obligations, Plaintiff has suffered damages under the Policy in an amount to be determined according to proof at the time of trial.

WHEREFORE, Plaintiff prays for judgment against USIC as set forth hereinafter.

///
///

## SECOND CAUSE OF ACTION
### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST USIC

16. Plaintiff incorporates the allegations in paragraphs 1 through 15 as though fully set forth herein.

17. The law implies a covenant of good faith and fair dealing in every contract, including insurance policies. (*Wilson v. 21st Century Ins. Co.* (2007) 42 Cal.4th 713, 720.) The purpose of the implied covenant is to supplement the express terms of the contract to prevent a contracting party from engaging in conduct that frustrates the other party's rights to the benefits of the agreement. (*Gruenberg v. Aetna Ins. Co.* (1973) 9 Cal.3d 566, 573.)

18. USIC has acted unreasonably, in bad faith, and breached the covenant of good faith and fair dealing by knowingly and unreasonably withholding policy benefits it owes, by failing to and refusing to defend Plaintiff against the Underlying Action.

19. USIC has further acted in bad faith and breached the covenant of good faith and fair dealing by doing the following:

    a. Ignoring the plain meaning of its own policy terms, as interpreted by courts across the country, the facts of the Underlying Action and knowingly citing policy terms and exclusions which are contrary to the facts in the Underlying Action;

    b. Failing to undertake any investigation into the Underlying Action;

    c. Failing to perform an unbiased investigation;

    d. Unreasonably delaying in responding to Plaintiff's tender of the defense of the Underlying Action;

    e. Failing to consider evidence supporting Plaintiff's claim for defense and indemnity.

    f. Failing to conduct a full, fair, prompt and thorough investigation of all bases for Plaintiff's tender.

///

COMPLAINT FOR DECL. RELIEF, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING CONTRACTUAL INDEMNITY   CASE NO.

20. As a result of USIC's conduct, Plaintiff has sustained damages and has been forced to retain counsel and incur attorney's fees. Plaintiff is entitled to recover as damages attorney's fees incurred to obtain policy benefits (*Brandt v. Superior Court* (1985) 37 Cal.3d 813.)

WHEREFORE, Plaintiff prays for judgment against USIC as set forth hereinafter.

## THIRD CAUSE OF ACTION
## DECLARATORY RELIEF AGAINST USIC

21. Plaintiff incorporates the allegations in paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff seeks a declaration that USIC has a duty to defend and indemnify Plaintiff against the Underlying Action because it is an insured and there is the potential for coverage under the USIC policy, if not actual coverage, for the Underlying Action.

23. An actual controversy has arisen and now exists between Plaintiff and the defendants. A judicial declaration is necessary and appropriate so Plaintiff may ascertain its rights and duties pursuant to the USIC policy.

24. Plaintiff is informed and believes, and based upon such information and belief alleges, that the defendants, and each of them, deny and/or will deny Plaintiff is entitled to such relief and/or deny that Plaintiff is entitled to a defense or indemnity for the Underlying Action under the USIC policy.

25. Plaintiff has no other adequate or speedy remedy at law, and a determination of the parties' rights and obligations is necessary to avoid a multiplicity of actions.

Wherefore, Plaintiff prays for judgment as set forth in the prayer below.

///
///
///

## FOURTH CAUSE OF ACTION
## DECLARATORY RELIEF AGAINST AFT

26. Plaintiff incorporates the allegations in paragraphs 1 through 25 as though fully set forth herein.

27. The OCA provides:

> 10. **Indemnity**
>
> **10.1 Terms.** CARRIER [AFT] shall defend, indemnify and hold JBHT … harmless from all fines, costs, penalties, liabilities and claims of every kind, including attorneys' fees, costs of suit, settlements, judgments, and all other expenses to which JBHT … may be subjected on account of bodily injury to persons (including injury resulting in death) … or any other claims arising out of or in connection with the transportation of property under this OCA by carrier … CARRIER'S obligation to defend, indemnify and hold JBHT … harmless under this provision shall not in any manner be subject to any limitation on the amount or types of damages, compensation or benefits payable by CARRIER …

28. Plaintiff seeks a declaration that AFT has a duty to defend and indemnify Plaintiff against the Underlying Action because the OCA for the Underlying Action obligates AFT to defend, indemnify and hold Plaintiff harmless for bodily injury claims, and to pay attorneys' fees.

29. An actual controversy has arisen and now exists between Plaintiff and AFT. A judicial declaration is necessary and appropriate so Plaintiff may ascertain its rights and duties pursuant to the OCA.

30. Plaintiff is informed and believes, and based upon such information and belief alleges, that AFT denies and/or will deny Plaintiff is entitled to such relief and/or deny that Plaintiff is entitled to a defense or indemnify for the Underlying Action under the OCA.

**COMPLAINT FOR DECL. RELIEF, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING CONTRACTUAL INDEMNITY**                                 **CASE NO.**

31. Plaintiff has no other adequate or speedy remedy at law, and a determination of the parties' rights and obligations is necessary to avoid a multiplicity of actions.

Wherefore, Plaintiff prays for judgment as set forth in the prayer below.

## FIFTH CAUSE OF ACTION
## CONTRACTUAL INDEMNITY AGAINST AFT

32. Plaintiff incorporates the allegations in paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff has performed all conditions required under the OCA and has tendered its defense to AFT, which has not accepted the tender.

34. Plaintiff has incurred, and is continuing to incur, attorney's fees and costs defending itself against the Underlying Action, and is and will continue to sustain damages to which it is entitled to contractual indemnity from AFT.

35. Plaintiff has been damaged according to proof.

Wherefore, Plaintiff prays for judgment as set forth in the prayer below.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants as follows:

1. For a judgment declaring that USIC and AFT each has a duty to defend and indemnify Plaintiff against the Underlying Action;

2. For damages against USIC for breach of contract, according to proof;

3. For damages against USIC for breach of the covenant of good faith and fair dealing, according to proof;

4. For damages for contractual indemnity against AFT according to proof;

5. For costs of suit;

6. For such other and further relief as the court deems just and proper.

///

| | | |
|---|---|---|
| 1 | Dated: March 2, 2021 | SELVIN WRAITH HALMAN LLP |
| 2 | | |
| 3 | | By: *s/ Gary R. Selvin* |
| 4 | | Gary R. Selvin |
| 5 | | Robin D. Korte<br>Attorneys for Plaintiff |
| 6 | 361002.doc | J.B. HUNT TRANSPORT, INC. |

**COMPLAINT FOR DECL. RELIEF, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING CONTRACTUAL INDEMNITY**   **CASE NO.**